No. 04-01-00650-CV



IN RE THE CIT GROUP/SALES FINANCING, INC.



Original Mandamus Proceeding


Arising from the 218th Judicial District Court, Wilson County, Texas


Trial Court No. 99-11-0448-CVW


Honorable Stella Saxon, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: January 9, 2002


PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

 The CIT Group/Sales Financing, Inc. ("CIT") seeks mandamus relief from the trial court's
order sanctioning CIT for discovery rule violations and failing to appear at a hearing on a motion to
compel. The trial court ordered CIT to produce the documents and awarded Tommy and Deborah
Scogin (the "Scogins"), the plaintiffs in the underlying lawsuit, attorneys' fees. The trial court's order
provided that if CIT failed to produce the documents and pay the fees as ordered a default judgment
would be granted. The trial court further ordered that: (1) CIT is refused to support or prosecute
any claim or defense against the Scogins; (2) CIT is disallowed any discovery against the Scogins;
and (3) CIT's pleadings against the Scogins are struck. Because the record does not reflect that the
trial court considered the availability of lesser sanctions, we conditionally grant the writ of mandamus
and order the trial court to consider lesser sanctions and reform its order to clarify the sanctions
imposed.

Procedural History 


 The Scogins sued San Angelo Mobile Homes, Inc., Signal Homes, Inc., and CIT for numerous
causes of action arising from the Scogins's purchase of a manufactured home. In April of 2000, the
Scogins served CIT with their first set of requests for production of documents. In June of 2000, CIT
served its response to the request asserting numerous general objections.

 On April 5, 2001, the Scogins' attorney forwarded a letter to CIT's attorney stating that since
no documents were forthcoming following a conversation between the attorneys at the courthouse
on March 5, 2001, the Scogins had filed a motion to compel which was set for hearing on April 11,
2001. On April 11, 2001, the trial court held a hearing on the Scogins's motion. The order stated
that CIT did not appear at the hearing. The trial court granted the Scogins's motion and ordered
CIT: (1) to produce all requested documents; and (2) to pay $400 in attorney's fees. The trial court's
order provided that if CIT failed to produce the documents and pay the fees as ordered a default
judgment would be granted. The trial court further ordered that: (1) CIT is refused to support or
prosecute any claim or defense against the Scogins; (2) CIT is disallowed any discovery against the
Scogins; and (3) CIT's pleadings against the Scogins are struck.

 On April 23, 2001, CIT filed a motion to reconsider. Two affidavits were attached to the
motion to reconsider. In CIT's attorney's affidavit, he stated that he was out of town and did not
receive the notice of hearing until after the hearing. The attorney's secretary, who is the only person
employed by the attorney, stated in her affidavit that she and her infant son were ill on April 5, 6, 9,
and 10, 2001, so she did not see the notice until after the April 11, 2001 hearing.

 On May 3, 2001, CIT filed a supplement to the motion to reconsider. The supplement notes
that rule 191.2 requires the parties to confer regarding discovery and attempt to resolve differences
without court intervention; however, CIT contended that the Scogins's attorney made no effort to
arrange a date and time to review/inspect CIT documents. In addition, the supplement notes that
CIT's counsel did not receive a copy of the order from the Scogins's attorney until April 18, 2001,
the date the order required the production and payment to be complete. A letter dated April 18, 2001
is attached to the supplement reflecting a rule 11 agreement, extending the date of required
production and payment to April 25, 2001. The trial court denied the motion to reconsider.

Discussion


 Mandamus relief is available from a trial court's discovery order if the party's ability to
present a viable claim or defense is vitiated or severely compromised. In re Ford Motor Co., 988
S.W.2d 714, 721 (Tex. 1998). In this case, the trial court struck CIT's pleadings and prohibited it
from pursuing discovery and asserting a claim or defense; therefore, CIT does not have an adequate
remedy by appeal, making mandamus relief appropriate. TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 919 (Tex. 1991).

 A trial court's imposition of sanctions is reviewed under an abuse of discretion standard.
Roberts v. Rose, 37 S.W.3d 31, 33 (Tex. App.--San Antonio 2000, no pet. h.). A trial court abuses
its discretion when it acts without reference to any guiding rules or principles. Roberts, 37 S.W.3d
at 33 (quoting Johnson v.. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex.1985)).

 Whether an imposition of sanctions is just is measured by two standards. Powell, 811 S.W.2d
at 917. First, a direct relationship must exist between the offensive conduct and the sanction
imposed. Id. Under this standard, the trial court should attempt to determine whether the offensive
conduct is attributable to counsel only, or the party only, or both. Id. Second, just sanctions must
not be excessive. Id. A sanction imposed for discovery abuse should be no more severe than is
necessary to satisfy its legitimate purposes. Id.

 Sanctions which are so severe that they preclude presentation on the merits should not be
assessed absent a party's bad faith or counsel's flagrant disregard for the responsibilities of discovery
under the rules. Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992). Discovery
sanctions should not be used to adjudicate the merits of a claim or defense unless a party's
obstruction of the discovery process justifies the presumption that the claim or defense lacks merit.
Powell, 811 S.W.2d at 918. Even then, lesser sanctions should be tested first to determine if they are
adequate to secure compliance, deterrence, and punishment of the offender. Powell, 811 S.W.2d at
917.

 The record must reflect that the court considered the availability of lesser sanctions. GTE
Communications Systems Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993). Case determinative
sanctions may be imposed in the first instance only in exceptional cases when they are clearly justified
and it is fully apparent that no lesser sanctions would promote compliance with the rules. Id. A trial
court's unsupported conclusion that lesser sanctions would not be effective is entitled to no deference
by a reviewing court. Id.

 During oral argument before this court, counsel for the Scogins contended that the trial
court's order was not intended to be case determinative. Instead, counsel for the Scogins asserted
that the order was intended to leave CIT an "escape" from any "death penalty" sanction if CIT timely
produced its documents. Notwithstanding the representations made by counsel for the Scogins, the
language of the order can be construed as imposing "death penalty" sanctions in view of its language
prohibiting CIT from supporting or prosecuting any claim or defense, disallowing any discovery, and
striking its pleadings against the Scogins. Counsel for the Scogins assured this court that he simply
submitted a boilerplate order to the trial court and had no intentions of precluding CIT from their day
in court. Counsel for the Scogins stated that the only purpose in obtaining the order was to compel
the desired discovery. It is certainly possible that this was the Scogins's intent, as well as that of the
trial court. If so, however, the order is overly broad and needs to be reformed.

 The guiding rules with respect to discovery abuse sanctions require the trial court to consider
the availability of lesser sanctions. See Tanner, 856 S.W.2d at 729; Powell, 811 S.W.2d at 917.
Based on the record before this court, the trial court abused its discretion in imposing case
determinative sanctions because the record does not demonstrate that the trial court considered
whether lesser sanctions would promote compliance.

Conclusion


 The petition for writ of mandamus is conditionally granted. The trial court is ordered to
consider the availability of lesser sanctions with regard to those portions of its order directing that:
(1) CIT is refused to support or prosecute any claim or defense against the Scogins; (2) CIT is
disallowed any discovery against the Scogins; and (3) CIT's pleadings against the Scogins are struck.
The trial court is directed to reform its order to clarify the nature of the sanctions to be imposed. The 

writ will only issue upon certification to this court that the trial court has failed to reform its order
within ten days from the date of our opinion and order.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH